<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4144**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

GARWORTH WILLIAMS,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior District Judge.  (7:11-cr-02118-GRA-1)

Submitted: August 7, 2012          Decided: August 15, 2012

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garworth Williams pled guilty without a plea agreement to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. §§ 371, 1708 (2006). The district court calculated Williams' Guidelines range under the U.S. Sentencing Guidelines Manual (2011) at fifty-one to sixty months' imprisonment and sentenced Williams to fifty-one months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in imposing sentence. Williams was advised of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

This court reviews Williams' sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2006) factors, selected a sentence based on

2

clearly erroneous facts, or failed to explain sufficiently the selected sentence. Id. at 49-51. If the sentence is free of significant procedural error, this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is within the properly calculated Guidelines range, this court applies a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly calculated and considered the advisory Guidelines range, heard argument from counsel, and gave Williams the opportunity to allocute. The court considered the § 3553(a) factors and explained that the within-Guideline sentence of fifty-one months' imprisonment was warranted in light of Williams' timely admission of guilt and the need for the sentence to reflect the seriousness of Williams' offense, to provide just punishment, to deter future criminal conduct by Williams, and to protect the public. Williams does not offer any grounds to rebut the presumption on appeal that the within-Guidelines sentence is substantively

reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Williams.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4